# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARSHALL SPIEGEL, ) | |
| Plaintiff, ) | |
| v. ) | Case No: 15 C 1809 |
| ) | District Judge Joan B. Gottschall |
| ENGAGETEL et al., ) | Magistrate Judge Susan E. Cox |
| Defendants. ) | |

## ORDER

For the reasons provided below, Cellco Partnership d/b/a Verizon Wireless ("Verizon") is hereby ordered to produce the subscriber information sought in the subpoena served by Plaintiff Marshall Spiegel ("Plaintiff") on or before December 31, 2015.

## BACKGROUND

Plaintiff filed the instant purported class action suit alleging, *inter alia*, that the defendants violated the Telephone Consumer Protection Act and the Illinois Consumer Fraud Act, by placing unsolicited phone calls to people on the federal "do not call" list. (Sec. Am. Cmplt. at ¶ 1.) Plaintiff has been unsuccessful in his attempt to serve process on one of the defendants, Arash Akhavan ("Akhavan"). According to Plaintiff, Akhavan has been "evading service of process in this action for eight months" by refusing "to return a request for waiver under Rule 4, and suppl[ying] false addresses for several entities with which he is associated." (Dkt. 82 at 1.) The Plaintiff has managed to locate a cell phone number that Plaintiff believes belongs to Akhavan, and has also determined that the cell phone number belonged to a Verizon subscriber. (Dkt. 53 at ¶¶ 12, 15.) The Plaintiff then served a subpoena on Verizon pursuant to

Federal Rule of Procedure 45 ("Rule 45"), seeking subscriber information for the relevant cell phone number, but Verizon has refused to comply with the subpoena, arguing that California Public Utilities Code § 2891 ("Section 2891") prohibits Verizon from producing subscriber information without the subscriber's consent. (*Id.* at ¶¶ 15-16.) Plaintiff then filed a motion to compel, which this Court construed as a motion for rule to show cause; neither Defendant nor Verizon appeared at the hearing for that motion, and this Court entered an order for rule to show cause and scheduled a hearing for that order. (Dkt. 53, 69.) A the hearing on that order, counsel for both Verizon and Plaintiff were present, and a briefing schedule was set on this issue; the matter is now fully briefed and ripe for disposition.

## DISCUSSION

The Plaintiff argues that Section 2891 does not apply to the present request on its face, and, even if it does, that statute is preempted by Rule 45 pursuant to the Supremacy Clause of the United States Constitution. Verizon contends that the statute applies to Plaintiff's subpoena, and that Rule 45 cannot be read to impinge on Section 2891 because the California statute creates a substantive privacy right that cannot be abridged by a federal procedural rule. For the reasons discussed more fully below, this Court finds that Section 2891 of the California Public Utilities Codes applies to the case at bar, but is preempted by Rule 45, and orders that Verizon must produce the information sought in Plaintiff's subpoena.

**I.     SECTION 2891 OF THE CALIFORNIA PUBLIC UTILITIES CODE APPLIES TO PLAINTIFF'S SUBPOENA.**

Section 2891 states that "no telephone or telegraph corporation shall make available to any other person or corporation, without first obtaining the residential subscriber's consent, in writing" certain types of information, including "[d]emographic information about individual residential subscribers." Cal. Pub. Util. Code § 2891(a)(4). Plaintiff argues that Section 2891 is

not applicable to its subpoena because it seeks information for a cellular telephone number, not a "residential subscriber," and Section 2891.1(f)(3) of the California Public Utilities Code provides an exception for "lawful process issued under state or federal law."

Taking the second argument first, Section 2891.1(f)(3) covers disclosure of "unlisted or unpublished number[s];" Plaintiff has not indicated that Akhavan's number was unlisted or unpublished, and it is unclear how that statute would apply to the facts of this case. Regarding the first argument, this issue was discussed by another court in this district in *Birchmeier v. Caribbean Cruise Line, Inc.*, Case No. 12-cv-4069 (N.D. Ill. Apr. 8, 2015). In *Birchmeier*, the plaintiffs filed two subpoenas against third-party T-Mobile US, Inc. ("T-Mobile"), seeking to compel T-Mobile to produce the names and addresses of 42,000 T-Mobile subscribers in California. In response to T-Mobile's assertion that it was prohibited from providing the information sought in the subpoena by Section 2891, the *Birchmeier* plaintiffs argued that "the plain language of the (sic) Section 2891 states that it applies to a 'residential' rather than mobile phone records, and as Plaintiffs' Subpoenas do not seek *residential* subscriber records it likely does not apply to the information requested here." *Birchmeier*, 12-cv-4069, Dkt. 278 at 5 (N.D. Ill. Feb. 23, 2015) (emphasis in original). The court, relying on a state case from California and analyzing the arguments made by both parties, held that cellular telephone records fell within the definition of "residential subscriber[s]," and, therefore, was covered by Section 2891.

This Court sees no reason to depart from the court's decision in *Birchmeier*. The underlying case cited by the T-Mobile in *Birchmeier* (and Verizon in its brief in the matter pending before this Court) provides a thorough and persuasive examination of the legislative history of Section 2891, and ample support for the conclusion that cellular telephone records fall under the protection afforded to residential subscribers under the statute. *See Tataryn v. Barnett*,

Case No. 08FL00527, at 4 (Cal. Super. Ct. June 9, 2014). Additionally, Plaintiff seems to have conceded this point, having removed this argument entirely from the reply brief presently before this Court. In short, this Court finds that Section 2891 applies to the information sought in Plaintiff's subpoena. However, because that statute is preempted by Rule 45, as discussed more fully below, Verizon will be ordered to produce the information to Plaintiff.

II. **SECTION 2891 OF THE CALIFORNIA PUBLIC UTILITIES CODE IS PREEMPTED BY RULE 45.**

In this case, the Court is presented with two competing interests – the California Public Utility Code's interest in protecting information of residential telephone subscribers and Congress's interest in uniform application of procedural rules in federal courts. However, "[w]hen state and federal statutes clash, the Supremacy Clause of the Constitution gives the federal statute controlling force." *E.E.O.C. v. Illinois Dept. of Employment Security*, 995 F.2d 106, 107 (7th Cir. 1993). The threshold question to determine the appropriate analysis in this case is whether Section 2891 creates an evidentiary privilege against production or a substantive privacy right. However, because the conclusion is the same either way, the Court need not reach a decision on whether the statute creates a procedural right or a substantive right.

If the statute simply provides a privilege, and the cause of action giving rise to the case is based in federal law (as it is here), "only privileges recognized by the national government matter." *E.E.O.C. v. Illinois Dep't of Employment Sec.*, 995 F.2d at 107 (7th Cir. 1993). While federal law recognizes many forms of privilege, there is no privilege that prohibits telephone companies from producing demographic information regarding its subscribers, nor has Verizon been able to cite any case that suggests otherwise. In cases that have reviewed similar issues under the rubric of evidentiary privilege, courts have held that federal law does not prohibit disclosure of similar information. *See Robinson v. Kia Motors Am., Inc.*, 2011 WL 2433369, at

4

*3 (E.D. Cal. June 13, 2011). Therefore, to the extent that Section 2891 provides an evidentiary privacy privilege, such a privilege is not recognized under federal law, and Verizon is required to produce the information sought in the subpoena pursuant to Rule 45.

Even if there is a substantive privacy right created by Section 2891, Rule 45 may still apply, in full, regardless of that right. "Under the Supremacy Clause of the U.S. Constitution, federal law will override state law in three instances: (1) express preemption, *i.e.,* when Congress expressly preempts state law; (2) field preemption, *i.e.,* when congressional intent to preempt may be inferred from the existence of a pervasive federal regulatory scheme; or (3) conflict preemption, *i.e.,* when state law conflicts with federal law or its purposes and preemption is implied." *Sykes v. Glaxo-SmithKline*, 484 F. Supp. 2d 289, 296 (E.D. Pa. 2007) (citing *English v. General Elec. Co.*, 496 U.S. 72, 78-79 (1990)). The issue in this case is whether the Section 2891 and Rule 45 are subject to conflict preemption. "Such a conflict exists where either (1) the state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress' or (2) it is 'impossible for a ... party to comply with both state and federal law.'" *Id.* (quoting *Geier v. Am. Honda Motor Co., Inc.*, 529 U.S. 861, 899 (2000)); *see also, S.E.C. v. Pacific Bell*, 704 F. Supp. 11, 15 (D.D.C. 1989) (analyzing whether Section 2891 is preempted by the SEC's subpoena power) ("The basic test used to determine if a state law is preempted by a federal law or regulatory regime is whether the state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'").

In the Enabling Act, codified at 28 U.S.C. § 2072, Congress gave the Supreme Court the power promulgate the Federal Rules of Civil Procedure. The purpose of the Enabling Act "was to reverse the philosophy of conformity to local state procedure and establish, with but few specific exceptions, an approach of uniformity within the whole federal judicial trial system."

*Monarch Ins. Co. of Ohio v. Spach*, 281 F.2d 401, 408 (5th Cir. 1960); *see also Hanna v. Plumer*, 380 U.S. 460, 472 (1965) ("'One of the shaping purposes of the Federal Rules is to bring about uniformity in the federal courts by getting away from local rules"). Reading Section 2891 in the way that Verizon suggests would essentially excuse all telephone companies from ever having to comply with a third party subpoena relating to their California subscribers. This would stand as a significant obstacle to the accomplishment and execution of the full purposes of Congress in passing the Enabling Act – namely, uniformity of federal procedure – by creating a California-only exception to the duties of parties that receive subpoenas pursuant to Rule 45(e). Additionally, reading Section 2891 in the manner sought by Verizon would not even further the stated goals of the California Public Utility Code, which is "to protect residential telephone subscriber's privacy rights with respect to telephone solicitations," not to prevent disclosure of demographic information pursuant to a validly issued federal subpoena.[1] *See Kamalu v. Walmart Stores, Inc.*, 2013 WL 4403903, at *6 (E.D. Cal. Aug. 15, 2013). Additionally, at least one California federal court has held that "section 2891 does not preclude the production of information in response to the subpoena for production of documents." *Id.* Therefore, there is a conflict between the Enabling Act, Rule 45, and Section 2891, and Rule 45 preempts Section 2891. Verizon is ordered to comply with the subpoena in this case.

Furthermore, Verizon's argument that allowing Rule 45 to preempt Section 2891 would violate the Enabling Act because doing so would "abridge, enlarge or modify" a substantive right is not persuasive. (Dkt. 77 at 8.) Although 28 U.S.C. § 2072(b) does state that the rules of procedure promulgated by the Supreme Court pursuant to the power Congress granted under the Enabling Act "shall not abridge, enlarge or modify any substantive right," the case law interpreting this section of the statute makes it clear that Verizon's interpretation is incorrect. In

---

[1] Ironically, the Plaintiff in this suit is seeking redress for violations committed by telephone solicitors.

*Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), Justice Scalia, speaking for a plurality of the Supreme Court, wrote:

> In the Rules Enabling Act, Congress authorized this Court to promulgate rules of procedure subject to its review, but with the limitation that those rules "shall not abridge, enlarge or modify any substantive right."
>
> We have long held that this limitation means that the Rule must "really regulat[e] procedure,—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." The test is not whether the rule affects a litigant's substantive rights; most procedural rules do. What matters is what the rule itself regulates: If it governs only "the manner and the means" by which the litigants' rights are "enforced," it is valid; if it alters "the rules of decision by which [the] court will adjudicate [those] rights," it is not.

*Id.* at 406-07 (internal citations omitted). He further noted that "[a] Federal Rule of Procedure is not valid in some jurisdictions and invalid in others – or valid in some cases and invalid in others – depending upon whether its effect is to frustrate a state substantive law (or state procedural law enacted for substantive purposes." *Id.* at 409. He concluded:

> In sum, it is not the substantive or procedural nature or purpose of the affected state law that matters, but the substantive or procedural nature of the Federal Rule. We have held since *Sibbach*, and reaffirmed repeatedly, that the validity of a Federal Rule depends entirely upon whether it regulates procedure. If it does, it is authorized by § 2072 and is valid in all jurisdictions, with respect to all claims, regardless of its incidental effect upon state-created rights.

*Id.* at 410 (internal citations omitted). Verizon does not – and cannot reasonably – argue that the nature of Rule 45 is substantive, rather than procedural. Therefore, Rule 45 is authorized by the Enabling Act and carries full effect in the jurisdiction of California, "regardless of the incidental effect" it might have on the purported privacy right provided by Section 2891.

Finally, the Court notes that the cases cited by Verizon are distinguishable from the

instant case, and, with all due respect to the learned and able judges who authored those opinions, believes that those cases were incorrect in their analysis of the Supremacy Clause and federal preemption law. *Ades v. Omni Hotels Management Corp.*, 2:13-cv-02468, Dkt. 124 (C.D. Cal. May 18, 2015), involved a case where the defendant challenged a class action opt-out notice that the plaintiff sought to send to prospective class members who were Verizon and AT&T wireless subscribers. The *Ades* court ruled that Section 2891 applied to that case, and, in a footnote, stated that applying the protections of Section 2891 would not violate the Supremacy Clause or conflict with Federal Rule of Civil Procedure 23(b)(2) because "the wireless subscribers at issue . . . are not and in some cases never will be class members." *Id.* at 2 n. 1. Clearly, *Ades* presents a significantly different fact pattern than the one before this Court. Further, the analysis of the Supremacy Clause in *Ades* is virtually non-existent and confined to a footnote. This Court is not persuaded that *Ades* is correctly decided and believes that a closer examination of the law surrounding this issue supports the conclusion that Section 2891 is preempted by Rule 45 in this case.

Similarly, the issue before the court in *Birchmeier* was whether T-Mobile could be compelled to produce information related to 42,000 subscribers for the purposes of class notice efforts. The majority of the hearing on the plaintiffs' motion in *Birchmeier* covered whether Section 2891 applied on its face, and the analysis of the Supremacy Clause issue was limited to Judge Kennelly's statement that "the fact that there is a federal procedural rule that permits service of subpoenas doesn't trump this." *Birchmeier*, 12-cv-4069, Dkt. 302 at 8 (N.D. Ill. March 20, 2015). Respectfully, this Court believes that that conclusion is incorrect, given the Supreme Court precedent cited above.

Finally, *Williams v. East Baton Rouge Parish Sheriff's Office*, 2010 WL 1576858 (M.D. La. Apr. 15, 2010) was decided only two weeks after the *Shady Grove* decision was handed down by the Supreme Court, and contains no discussion of *Shady Grove* or any other relevant Supreme Court precedent on the pertinent issue. This Court maintains that *Williams* was wrongly decided and is contradicted by several other cases holding that litigants cannot use state statutes or constitutional provisions to skirt the requirements of Rule 45. *See, e.g.*, *In re Transbrasil S.A. Linhas Aereas*, 2014 WL 1655990, at *3 (Bankr. S.D. Fla. Apr. 24, 2014) ("State law rights of privacy, even where enshrined in a state constitution, must yield to a federal subpoena"); *Snierson v. Chemical Bank*, 108 F.R.D. 159, 162 (D. Del. 1985) ("Assuming *arguendo* that both the state constitution and common law of New Jersey create a right to privacy in financial records, such state privileges do not preclude discovery of relevant information in a federal court suit").

In short, this Court does not find the authority cited by Verizon to be persuasive on this issue, and finds that Rule 45 preempts Section 2891. As such, Verizon must comply with the subpoena.

## CONCLUSION

For the reasons provided, Cellco Partnership d/b/a Verizon Wireless ("Verizon") is hereby ordered to produce the subscriber information sought in the subpoena served by Plaintiff Marshall Spiegel ("Plainitff") on or before December 31, 2015.

**ENTERED:**

Date: <u>December 16, 2015</u>  _____
U.S. Magistrate Judge